# WHEELING

## MICHAELSON *v.* CHARLESTON.

Submitted February 14, 1912.   Decided June 10, 1912.

1.  NEGLIGENCE—*Pleading—Contributory Negligence.*

    In an action for tort causing personal injury it is not necessary that the declaration aver that the plaintiff was not chargeable with contributory negligence, it being matter of defense. (p. 36).

2.  MUNICIPAL CORPORATIONS—*Defective Sidewalks—Action—Pleading.*

    In an action against a city for personal injury caused by an obstruction of a sidewalk, it is not necessary that the declaration aver that it was the duty of the city to keep the sidewalk in good condition for public use and free of obstruction, as the law imposes that duty.   (p. 36).

3.  PLEADING—*Matters of Law.*

    It is not necessary to allege matter of law in a pleading. (p. 36).

4.  MUNICIPAL CORPORATIONS—*Streets and Sidewalks—Liabilities.*

    Mere use by the public of a sidewalk or street will not make it a street or sidewalk, so as to charge a municipal corporation with liability for damage arising from its defective condition or obstructions on it.   (p. 37).

Error to Circuit Court, Kanawha County.

Action by Mary E. Michaelson against the City of Charleston. Judgment for plaintiff, and defendant brings error.

*Reversed and Remanded.*

*Upshur Higginbotham,* for plaintiff in error.

*Frank C. Burdette, U. S. Albertson,* and *J. B. Menager,* for defendant in error.

BRANNON, PRESIDENT:

Mary E. Michaelson sued the City of Charleston, and recovered judgment on a verdict for eight hundred dollars damages for personal injury from a fall on Smith street while walking on a rainy, dark December night, owing to some brick lying on the sidewalk.

A pile of brick, 20 or 30 feet long, 4 to 5 feet high, was on the edge of the pavement, leaving only a walking space of a yard between it and the brick wall of a house; and in this space, practically extending across it, in the middle of the pavement, were some dozen heavy brick in a pile or scattered over the pavement, and the plaintiff in the dark stumbled over them, fell and in trying to save herself clutched at the pile of brick, and shook more down from its top, falling on her arm. Whose brick, who piled them, is not shown.

The first assignment of error is that the court overruled the demurrer to the declaration. The brief of the city's counsel points out that the declaration does not set out fully enough that the plaintiff was not negligent. Do we have to say again and give authority to show that the declaration need not negative contributory negligence, and that it is a matter of defence? *Sheff* v. *Huntington,* 16 W. Va. 307. We should not respond to this suggestion. The brief points out that the declaration does not set out fully enough the city's duty as to the street. The law imposes a duty on a city to keep safe sidewalks free of obstruction, and it is not necessary to allege such duty, as it is never necessary in pleading to allege matter of law. *Thomas* v. *Electric Co.,* 54 W. Va. 395.

Another point made by counsel is that a witness, Dr. Mayer, who examined the injured wrist of the plaintiff, stated that it was discolored and swollen and she needed medical attention. There can be nothing in this point. Dr. Mayer was a physician, though then retired; but any one, though not a physician, could give such evidence.

The brief makes the point that Mrs. Machaelson did not avail herself of proper medical treatment in proper time. There can be nothing in this. The murderer can not say that bad medical treatment contributed to death. To relieve from murder the wound must be mortal, and death must come from inde-

pendent cause. *Livingstons Case,* 14 Grat. 592; *Clark's Case,* 90 Va. 360; 2 Bishop, Crim. Law, §638, 1 and 2. So with a tort feaser. It can hardly be said that a city can say, when a person receives an injury from a defective street, that the person had not good medical aid, and thus exempt itself from liability. But there is no evidence to show that want of medical treatment caused or aggravated the injury. If there were, it is a jury matter. We need not have adverted to this feature of the case.

The only question of import arises on the evidence as to whether the city is liable for the condition of the sidewalk. Mrs. Michaelson as a witness was asked whether the pavement on which she was walking when she fell, was open to public travel, and answered "yes, when we could get through; yes sir, it was open to the public when we could go through there." She was asked if it was used by the public, and answered, "Certainly, Smith and. Capitol streets are as public streets as there is known. All the people come that way to the hotels." Another witness, Cart, was asked if there was a public sidewalk there, and answered "yes, sir." It is beyond question that to hold a city liable for defect in its streets or sidewalks, it must be proven that it is a street or sidewalk constructed or recognized as such by the city authority. We have various decisions holding with *Chapman* v. *Milton,* 31 W. Va. 384, that "to hold a city liable for defect the plaintiff must allege and prove that the street or sidewalk upon which the injury occurred, was, at the time and place where the injury was sustained, controlled and treated by the town authorities as a public street or sidewalk and opened as such."

In *Talbott* v. *King,* 32 W. Va., it is held: "Mere user of a road will not make it a public road under section 31, ch. 43, code of 1887. The user must be accompanied by an order of the county court recognizing it in some way as a road, or the road must be worked by a surveyor as such." So in *Dicken* v. *Liverpool,* 41 W. Va. 511, and *Hast* v. *Railroad Co.,* 52 W. Va. 396. This oral evidence of mere user not admissible. To prove the establishment or recognition of a street by council, its record must be produced. *Johnson* v. *City,* 16 W. Va. 402; *Childrey* v. *Huntington,* 34 W. Va. 457. It is true that the

*Talbott Case* above, and *Ball* v. *Cox*, 29 W. Va. 407, say that if a road is worked under the direction of a public road surveyor, it is a public road. That is the lowest class of evidence admitted. If it had been introduced, likely that evidence of user would not have been error. A witness can not declare a street a public street, and thus make it such. Evidence of mere use by the public will not charge the public with the street or sidewalk, as we endeavored to show in *Hast* v. *Railroad*. The public cannot be made liable for a road by the public use alone, without consent of the public authorities. There was no evidence of establishment or recognition by council of the street; no evidence that a street commissioner ever worked it; no evidence of any control of it by city authority. We find no error in the case save this, (*Parrish* v. *Huntington,* 57 W. Va. 286) and are reluctant to reverse; but we cannot avoid it. For this reason we must say that the court should have sustained the motion to strike out the plaintiff's evidence, the only evidence in the case, and the motion to set aside the verdict. We find no error in plaintiff's instruction 1, the only one complained of in the city's brief.

Reverse the judgment set aside the verdict, grant new trial, and remand.

*Reversed and Remanded.*