REBA GILLESPIE

*v.*

CITY OF CHARLESTON, *etc.*, AND
UNION MISSION SETTLEMENT, INC.

(No. 12975)

Submitted September 8, 1970.     Decided November 10, 1970.

*H. D. Rollins, George W. Stokes,* for appellant.

*Kay, Casto & Chaney, Ralph C. Dusic, Jr.,* for Union Mission Settlement, Inc.

CAPLAN, JUDGE:

In this civil action instituted in the Court of Common Pleas of Kanawha County, the plaintiff, Reba Gillespie, seeks recovery of damages for injuries which she alleges she sustained in a fall on a sidewalk in the City of Charleston. Recovery is sought from the defendant, Union Mission Settlement, Inc., as the owner of the building adjoining the sidewalk upon which the plaintiff fell and from the City of Charleston. The jury failed to reach a verdict in relation to the action against the city and that case has been continued. Upon the entry of a summary judgment for the defendant, Union Mission, the plaintiff filed a petition for a writ of error in the Circuit Court of Kanawha County. This is an appeal from the order of the latter court which denied the relief prayed for.

The plaintiff relates in her complaint that on January 20, 1968, she and her sister, having visited the Rehabilitation Center of the Union Mission on Clendenin Street, were walking on the sidewalk of said street in the direction of Washington Street when, by reason of ice and snow which had been permitted to accumulate on said sidewalk, she slipped and fell, receiving serious injuries. It appears from the record that the last date upon which snow had fallen on the sidewalk was January 16, 1968, four days prior to her mishap.

It is alleged by the plaintiff that the defendant, Union Mission, by virtue of the provisions of Section 9, Article 43 of the Code of the City of Charleston, owed to the public a

duty to clear ice and snow and every obstruction from the said sidewalk; that the said defendant had failed and neglected to so remove the ice and snow; and that her "fall and injuries were caused and brought about by the said neglect of the defendants."

In accordance with the provisions of Section 95 of the Charter of the City of Charleston, Reba Gillespie notified the city of her injury and informed it of her intention to institute an action for damages. Subsequently, an action was instituted against the city and Union Mission Settlement, Inc. At the conclusion of the plaintiff's case the defendants filed separate motions for a directed verdict. Union Mission's defense was threefold, namely, (1) contributory negligence, (2) assumption of risk and (3) its contention that its building did not front on Clendenin Street. Counsel for the City of Charleston asserted that the notice served on the city pursuant to Section 95 of its charter was defective and also relied on the defenses of contributory negligence and assumption of risk. The court overruled the defendants' motions but stated that it would consider further the third point raised by Union Mission at the conclusion of all the evidence. After both parties had rested the court declared that it would sustain Union Mission's motion on the ground that its building did not front on Clendenin Street but allowed the case against the city to go to the jury. That body failed to agree on a verdict and was discharged. No verdict was directed or noted in favor of Union Mission at that time.

Subsequently, Union Mission filed a motion for summary judgment on the ground that the evidence adduced showed that its building by which the plaintiff fell did not front on Clendenin Street. This motion was opposed by the plaintiff. By an order entered on February 17, 1970, the court granted the motion for summary judgment "on the basis that the building by which the plaintiff fell on snow and ice, although owned by the defendant, Union Mission Settlement, Inc., did not front on Clendenin Street and, therefore, there was no duty upon the defendant pursuant to the code of the City of Charleston to remove snow and ice from Clendenin Street along the side of the building in question." The action against

Union Mission Settlement, Inc., was dismissed with prejudice but the "cause" was continued as to the City of Charleston.

We are called upon on this appeal to determine the propriety of the trial court's action in granting a summary judgment. If, as noted in Rule 56(c) of the West Virginia Rules of Civil Procedure, the record reveals that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law, a summary judgment should be rendered. *State ex rel. Payne v. Mitchell,* 152 W.Va. 448, 164 S.E.2d 201; *Perdue v. Groves,* 152 W.Va. 222, 161 S.E.2d 250; *Aetna Casualty and Surety Company v. Federal Insurance Company of New York,* 148 W.Va. 160, 133 S.E.2d 770. If, however, it is evident from the record that the moving party is not entitled to a judgment as a matter of law, he is not entitled to a summary judgment and his motion therefor should be denied.

Rule 56(c), R.C.P. permits the granting of a summary judgment when the matters of record "show that there is no genuine issue as to any material fact *and* that the moving party is entitled to a judgment as a matter of law." (Italics supplied.) It is relevant here to note that the requirements of that rule are stated in the conjunctive. It is essential, therefore, that the moving party shows, not only that there is no issue as to the facts, but also that he is entitled to a judgment as a matter of law. See Lugar & Silverstein, W. Va. Rules, p. 434.

In the instant case the defendant, Union Mission, asserts that there is no genuine issue as to any material fact and that its defense to the plaintiff's complaint is good as a matter of law. If this is true, the motion for summary judgment was properly granted by the trial court. 3 Barron and Holtzoff, Federal Practice and Procedure, Rules Edition, Section 1232.1. Even if there is no issue of fact as contended by that defendant we must determine the validity of its second contention that its defense is good as a matter of law.

In view of the basis upon which the trial court made its ruling, which was an affirmance of the defense made by

Union Mission, it must now be decided whether Section 9, Article 43 of the Code of the City of Charleston places upon the defendant, Union Mission, a duty to remove ice and snow accumulated on the sidewalk adjacent to the side of its building or whether its only legal obligation is to clear the sidewalk upon which its building fronts. This requires an examination of Section 9, Article 43 of the Code of the City of Charleston which reads as follows:

> "It shall be the duty of each and every person, incorporated society, public institution or other corporation using or occupying in any manner or for any purpose whatsoever, any house, store, shop, stable or tenement of any kind, and all persons having charge of churches and public buildings of every description, and the owners of unoccupied houses and unimproved lots situated on any paved street in the City, and of their agents, within three hours after the fall of any snow (unless the snow shall have fallen between the hours of six o'clock in the afternoon and six in the morning, in which case it shall be removed before eleven o'clock in the morning), or in the case of the formation of any ice on the sidewalks to remove or clear the same away, or cause the same to be removed or cleared away from the pavements or sidewalks fronting the residences, stores, houses, churches, stables, buildings or lots so used, occupied or owned by them or under their charge, in such manner as to leave the sidewalk clean and free from snow and ice, and in such manner as not to obstruct the passage of the water in the gutters, and it shall further be the duty of such person(s) or their agents to keep the gutters leading to and the pavements or sidewalks situated in the front or at the rear or side of said tenements above named free from snow and ice and every obstruction, and free from dirt, trash and filth."

The court ruled that the above section of the city code placed no duty on defendant Union Mission to clear snow and ice from Clendenin Street "along the side of the building in question." The basis therefor was that the defendant's building "did not front on Clendenin Street." Upon examination of Section 9, Article 43 of the Code of the City of Charleston in its entirety we cannot agree with the court's

ruling that "there was no duty upon the defendant pursuant to the code of the City of Charleston to remove snow and ice from Clendenin Street along the side of the building in question." That section, in unequivocal language, provides: "* * * and it shall further be the duty of such person * * * to keep * * * the pavements or sidewalks situated in the front or at the rear or side of said tenements above named free from snow and ice and every obstruction * * *." The duty is clearly defined and the court erred in holding otherwise.

In *Perdue v. Groves*, 152 W.Va. 222, 161 S.E.2d 250, the Court said "A party who moves for summary judgment in his favor has the burden of showing that the action involves no genuine issue as to any material fact and that he is entitled to judgment as a matter of law." If this burden is not borne by the moving party his motion must be denied. *Spangler v. Fisher*, 152 W.Va. 141, 159 S.E.2d 903; *Aetna Casualty and Surety Company v. Federal Insurance Company of New York*, 148 W.Va. 160, 133 S.E.2d 770; 3 BARRON AND HOLTZOFF, FEDERAL PRACTICE AND PROCEDURE, Rules Edition, Section 1235. Defendant Union Mission Settlement, Inc. has failed to bear the burden of showing that it is entitled to a judgment as a matter of law. Consequently, it was not entitled to a summary judgment.

Union Mission relies on *Barniak v. Grossman*, 141 W.Va. 760, 93 S.E.2d 49, contending that the municipal ordinance involved in that case is "virtually identical" to the one with which we are here concerned. Our examination of that case reveals that the ordinance of the City of Fairmont placed a duty on defendant Grossman, the tenant, only to clear snow and ice from the sidewalks fronting the premises. There is a further reference to the gutters "along sidewalk front, side and rear of the building." We do not agree that the Fairmont and Charleston ordinances are virtually identical. The latter clearly imposes a duty to keep the sidewalks at the front, rear or side of named premises free from snow and ice. This contention of that defendant is, therefore, without merit.

A motion to reverse having been made in this case, for the reasons stated herein, that motion is granted and the case is remanded with directions that a new trial be awarded.

*Motion to reverse is granted with directions.*