NORMA BENNETT ANDERSON *and* DIANNA L. BENNETT, WHO SUES BY HER NEXT FRIEND, NORMA BENNETT ANDERSON

*v.*

FRANKLIN OWEN TURNER

(No. 12928)

Submitted September 14, 1971. Decided November 2, 1971.

*Archibald McDougall*, for appellants.

*Clarence E. Martin, Jr.*, for appellee.

CALHOUN, JUDGE:

This case involves a civil action instituted in the Circuit Court of Berkeley County by Dianna L. Bennett, an infant

suing by her mother, Norma Bennett Anderson, as her next friend, and by the mother in her own right, as plaintiffs, against Franklin Owen Turner, as the defendant. The case involves an accident which resulted in personal injuries to the infant plaintiff when she was struck by an automobile which was being driven and operated by Franklin Owen Turner, the defendant. The infant plaintiff was seventeen years of age at the time the accident occurred.

Upon this appeal by the plaintiffs, the basic question presented for decision is whether the trial court, in entering the summary judgment in favor of the defendant, was justified in determining as a matter of law that the case involved no genuine issue of material fact.

In the civil action, the infant plaintiff sought recovery of damages in the amount of $10,000 for personal injuries which she sustained, and the mother sought recovery from the defendant for medical and hospital bills in the amount of $3,000 which she had incurred and expected necessarily to incur as a consequence of the personal injuries sustained by her daughter.

In the complaint, the plaintiffs alleged that on June 7, 1966, on a public highway known as U. S. Route No. 11, in Berkeley County, the defendant negligently drove an automobile owned and operated by him "against the body of" Dianna L. Bennett and that, as a consequence thereof, Dianna L. Bennett sustained permanent personal injuries; that the personal injuries thereby sustained by the infant plaintiff included abrasions and contusions over her entire body, fracture of her pelvis "in three places," a skull injury, and great pain of body and mind; and that, as a consequence of the personal injuries sustained by the infant plaintiff, she "suffered loss of time from school."

In his answer, the defendant denied that he was guilty of negligence as alleged in the complaint and alleged that Dianna L. Bennett "was guilty of contributory negligence which proximately contributed in whole or in part and in some degree to the accident described in the complaint

and her injuries also therein described." The answer consequently raised a genuine issue of material fact to the extent that it denied that the defendant "was negligent in any manner as set forth in the complaint." The answer also raises a genuine issue of material fact in relation to the question of contributory negligence, that being an affirmative defense. *Adkins* v. *Minton,* 151 W.Va. 229, pt. 10 syl., 151 S.E.2d 295. It was not necessary for the plaintiffs to negative contributory negligence in their complaint. *Michaelson* v. *Charleston,* 71 W.Va. 35, pt. 1 syl., 75 S.E. 151. It is not asserted in behalf of the defendant that contributory negligence appears from the allegations of the complaint. That issue is raised by an affirmative allegation of the defendant's answer.

The defendant propounded certain interrogatories to the plaintiffs, to which they jointly filed their answers in writing. On November 22, 1968, the defendant filed a motion for summary judgment pursuant to R.C.P. 56 "on the grounds that the pleadings, interrogatories, and answers to interrogatories, on file, show that there is no genuine issue of fact as to liability, and that the defendant is entitled to judgment as a matter of law." A hearing on the motion for summary judgment was held at the bar of the court on June 3, 1969, upon the appearance of the parties and upon argument of counsel. By an order entered on that date, the court sustained the defendant's motion for a summary judgment and dismissed the plaintiffs' civil action.

Thereafter, on December 29, 1969, the plaintiffs, by counsel, filed a motion, pursuant to R.C.P. 60(b), to be relieved "from the final Order of Dismissal" entered on June 3, 1969, for the reason that it was entered by mistake, inadvertence, surprise, excusable neglect and for other reasons stated in an affidavit of Dianna L. Bennett Cogle, who is the same person previously referred to as Dianna L. Bennett, the infant plaintiff. The change of the name of the infant plaintiff resulted from her marriage prior to the time the plaintiffs' motion was filed. Generally speaking, the affiant stated in her affidavit that

neither she nor her mother "swore" to the truth of the answers to interrogatories propounded to them, and that some of the affiant's answers, through inadvertence, were inaccurate and incorrect.

Before the trial court ruled upon the motion made by the plaintiffs pursuant to the provisions of R.C.P. 60 (b), the plaintiffs applied to this Court for an appeal from the summary judgment, apparently being apprehensive that otherwise the eight-month period for appeal to this Court might expire and bar their right to appeal. The petition for appeal was filed in the office of the Clerk of this Court on January 30, 1970, and the appeal was granted by this Court on February 9, 1970. The plaintiffs thereupon deposited the sum of $90 with the Clerk of this Court, that being the estimated amount of the cost of printing the record for purposes of the appeal. Appended to the plaintiffs' petition for appeal to this Court was a memorandum which gave notice that the plaintiffs' motion made pursuant to R.C.P. 60 (b) was still pending and that it had not at that time been ruled upon or decided by the trial court.

On January 24, 1970, the parties appeared before the trial court in person and by counsel, and a hearing was had upon the plaintiffs' motion, made pursuant to R.C.P. 60 (b), to be relieved from the summary judgment previously rendered against them. The motion was submitted to the court for decision upon testimony of witnesses, including the testimony of the two plaintiffs, taken at the bar of the court, and upon argument of counsel. By an order entered on February 19, 1970, the court overruled the plaintiffs' motion for reasons stated at length in a written opinion which, by the court's order, was made a part of the record. In overruling the plaintiff's motion, the trial court considered the testimony taken at the bar of the court in support of the motion and testimony taken in behalf of the defendant in opposition to the motion. The two plaintiffs testified, in effect, that their answers to the interrogatories were submitted in penciled form to the attorney who, at that time, represented them in the civil action; that the effect of some of the answers was changed

when the attorney reduced the answers to typewritten form; and that the plaintiffs did not appear before the notary public whose signature indicates that the plaintiffs made oath before him to the truth of the typewritten answers to the interrogatories. The notary public testified at the bar of the court that he signed the jurat as notary public but that he had no personal recollection of the exact circumstances under which his signature as notary public was made.

The trial court questioned the weight which should be given to the testimony of the plaintiffs in their attempts thereby to qualify or to change the typewritten answers to interrogatories submitted in behalf of the defendant. The trial court relied upon *Evans* v. *Bottomlee,* 150 W.Va. 609, 148 S.E.2d 712 and *Roberts* v. *Huntington Development & Gas Company,* 89 W.Va. 384, 109 S.E. 348, for the proposition that great weight must be given to the certificate of the notary public that the plaintiffs properly made oath before him to the truth of their answers to the interrogatories. The opinion indicates that, in overruling the plaintiffs' motion made pursuant to R.C.P. 60 (b), the trial court concluded that it had correctly entered summary judgment for the defendant on the ground that the plaintiffs' answers to interrogatories disclosed, as a matter of law, that the infant plaintiff was guilty of negligence which precluded recovery of damages by the plaintiffs and that the record disclosed no genuine issue of any material fact. We cannot say that the trial court erred in overruling the plaintiffs' motion made pursuant to R.C.P. 60 (b).

On February 26, 1970, the defendant, by counsel, filed in the office of the Clerk of this Court a writing designated as a "motion for certiorari for dimunition of the record." The purpose of the motion was to have this Court direct the clerk of the trial court to transmit to this Court a record of the trial court proceedings following the entry of summary judgment on June 3, 1969. The motion thus made in this Court in behalf of the defendant related to the record of all proceedings, including testimony of

witnesses, in connection with the plaintiffs' motion made in the trial court pursuant to R.C.P. 60 (b). By an order entered by this Court on March 3, 1970, the defendant's motion was sustained and the clerk of the trial court was directed to transmit to this Court the record in question. By the same order, the Court directed that this additional portion of the record be printed and the plaintiffs, as the appellants, were directed forthwith to "deposit with the Clerk of this Court a sum of money sufficient to print the same." The record does not indicate that the Clerk of this Court submitted to the plaintiffs or to their attorney an estimate of the cost of printing this additional portion of the record.

On March 19, 1971, there was filed in the office of the Clerk of this Court a motion to dismiss the appeal on the ground that the plaintiffs had not made any deposit of money with the Clerk of this Court to defray the estimated cost of printing the additional portion of the record as required by this Court's order entered on March 3, 1970. On April 1, 1971, the plaintiffs, by counsel, filed in the office of the Clerk of this Court a written motion to deny the defendant's motion to dismiss the appeal on the ground that the plaintiffs previously had filed in this Court and also in the trial court their joint affidavits, pursuant to the provisions of Code, 1931, 59-2-1, stating, in substance, that they were poor persons within the meaning of that statute and that, therefore, they were pecuniarily unable to pay additional court costs and fees. By the same written motion, the plaintiffs moved this Court "to direct the Clerk to have the record printed without further cost to appellants." Counsel for the plaintiffs, in that connection, also relies upon the language of the third point of the syllabus of *Springston* v. *Morris,* 47 W.Va. 50, 34 S.E. 766, in support of his contention that it was the obligation of the defendant to "have the alleged omitted portions of the record copied at his own expense, * * *."

On June 28, 1971, this Court entered an order by which it overruled the defendant's motion to dismiss the appeal; overruled the plaintiffs' motion that the Clerk be directed

to have the record printed; and the Court, upon its own motion, directed that the case be submitted for decision upon the original record and upon typewritten briefs. Thereafter the Clerk of this Court refunded to the plaintiffs the deposit of $90 which they had made to defray the estimated cost of printing the record.

On August 27, 1971, the defendant, by counsel, filed with this Court a motion "to strike out the brief of appellants and for an ex parte hearing" on the ground that the appellants failed to file their brief at least thirty days before the case was set for argument and submission in this Court in conformity with the requirement of Subsections 4, 5 and 6 of Rule VI of the Rules of this Court. This motion was granted and accordingly counsel for the appellants was denied the right to argue the case orally before the Court. The case was submitted for decision upon the original record, upon typewritten briefs of counsel for the respective parties and upon oral argument of counsel for the appellee.

Counsel for the appellee, by brief and oral argument in this Court, contends that the trial court correctly held that the plaintiffs' answers to interrogatories disclosed, as a matter of law, that the infant plaintiff was guilty of contributory negligence which deprived the plaintiffs of a right to recover damages in the civil action and that it appeared from the answers to interrogatories that the case involved no genuine issue of material fact.

In support of his contention that answers to interrogatories may not be considered upon a motion for summary judgment, counsel for the appellants relies upon the following portion of the language of R.C.P. 56(c): "The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." While counsel for the appellant correctly states that the language quoted above does not expressly include answers to interrogatories among the bases for awarding a summary judgment, we

are of the opinion that the Court was warranted in considering such answers in this case, particularly inasmuch as the answers embodied statements of persons who were parties to the civil action.

Counsel for the appellee contends that this Court should not entertain this appeal because of the fact that the appellants, plaintiffs in the civil action, did not make a motion for a new trial pursuant to the provisions of R.C.P. 59 (a) following the entry of the summary judgment against them on June 3, 1969. We are of the opinion that this contention is without merit.

The pertinent portion of R.C.P. 59 (a) is as follows: "A new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by a jury, for any of the reasons for which new trials have heretofore been granted in actions at law; and (2) in an action tried without a jury, for any of the reasons for which rehearings have heretofore been granted in suits in equity." It is clear from the language quoted above that it relates only to cases in which there have been actual trials, either by jury or by a court in lieu of a jury or otherwise without a jury.

There was no trial with a jury or without a jury in this case. "The summary judgment proceeding provided by Rule 56 of the West Virginia Rules of Civil Procedure is not a substitute for a trial or a trial by a jury or by the court of an issue of fact, but is a determination that, as a matter of law, there is no issue of fact to be tried." *The Employers' Liability Assurance Corporation* v. *Hartford Accident and Indemnity Company*, 151 W.Va. 1062, pt. 1 syl., 158 S.E.2d 212; *Petros* v. *Kellas*, 146 W.Va. 619, pt. 7 syl., 122 S.E.2d 177. Reference is here made to numerous authorities cited in the Court's opinion in support of the proposition stated in the syllabus point quoted immediately above. The summary judgment rendered in this case did not involve a trial but rather it represented the trial court's determination as a matter of law that the case

did not involve any genuine issue of material fact to warrant a trial.

While the precise facts and circumstances relating to the occurrence of the accident do not appear from the pleadings or from the answers to interrogatories upon which the trial court based its summary judgment, it is apparently undisputed that the two plaintiffs traveled to the scene of the accident in an automobile driven and operated by Norma Bennett Anderson, the mother; that, while this automobile was standing near to but off the public highway, the infant plaintiff alighted from the automobile and walked to a point near the edge of the highway where she was struck by the automobile which was then and there being driven and operated by the defendant. The exact position of the infant plaintiff in relation to the edge of the highway when the accident occurred is one of the crucial factors bearing upon the question of contributory negligence, though it is undisputed that she walked to the place where she was struck by the automobile for the purpose of crossing the highway. The trial court held that the answers to the interrogatories disclosed, as a matter of law, that the infant plaintiff was guilty of contributory negligence because of her position in relation to the edge of the highway when she was struck by the automobile and that the answers to interrogatories demonstrated that no genuine issue of material fact was presented to form a basis for a trial of the case on its merits.

By brief and oral argument in this Court, counsel for the appellee relies primarily upon the answers to interrogatories respectively numbered 9, 10, 11 and 20, but reference is also made in the brief of counsel for the appellee to answers to interrogatories respectively numbered 1, 2, 13 and 17. These interrogatories and answers are as follows:

1. Please set forth the specific act or acts of negligence of the defendant.

1. Defendant was guilty of negligence in that he was travelling at a rate of speed which precluded him from taking the necessary action to control his vehicle and avoid the accident and in failing to maintain a proper lookout.

2. Please set forth the time and specific place where the accident described in the complaint occurred.

2. The accident occurred at 8:00 A.M., D.S.T., on June 7, 1966, in Darkesville, Berkeley County, West Virginia.

9. Was Dianna L. Bennett on the hard surface of the travelled way of the highway when she was struck or off the same?

9. Dianna L. Bennett had one foot on the hard surfaced travelled way of the highway and one foot on the unpaved portion of the highway when she was struck.

10. On what part of the hard surface of the highway was Dianna L. Bennett standing when she was struck?

10. About on the white line on the westerly edge of said highway.

11. Did Dianna L. Bennett look to her left or in a northerly direction before starting across the highway from the westerly to the easterly side? If so, did she observe the vehicle of the defendant approaching?

11. Yes. I started across the road, had one foot on the hard surface, looked to my left or in a northerly direction, saw car coming fast, tried to get back out of his way, but could not do so as he was coming too fast.

13. What, if anything, obstructed the vision of Dianna L. Bennett, where she was standing, to her left or in a northerly direction?

13. Nothing.

17. What was the condition of the weather and the highway at the time of the accident?

17. It was a warm, clear day and the highway was dry.

20. Was Dianna L. Bennett struck immediately upon stepping on the hard surface of the highway?

20. Yes.

In support of the contention that the plaintiffs' joint answers to interrogatories demonstrated that the infant plaintiff, as a pedestrian, was guilty of contributory negligence as a matter of law, counsel for the appellee cites in his brief the following cases: *Jackson* v. *Cockill*, 149 W. Va. 78, 138 S.E.2d 710; *Brake* v. *Cerra*, 145 W.Va. 76, 83-84, 112 S.E.2d 466, 471; *Pritchard* v. *City Lines of West Virginia, Inc.*, 136 W.Va. 278, 283-84, 66 S.E.2d 276, 280; *Ray* v. *Clawson*, 123 W.Va. 99, 14 S.E.2d 259; *Yoder* v. *Charleston Transit Company*, 119 W.Va. 61, 192 S.E. 349 and *Milby* v. *Diggs*, 118 W.Va. 56, 58, 189 S.E. 107, 108. We deem it material to note that all these cases involved trials and the testimony of witnesses. None of them involved summary judgments. For the proposition that the last clear chance doctrine could not be applied to the appellee in the circumstances disclosed by the answers to the interrogatories, counsel for the appellee relies upon *Belcher* v. *Norfolk and Western Railway Company*, 140 W.Va. 848, 87 S.E.2d 616.

The following cases are cited in the brief of counsel for the appellants to demonstrate the burden placed upon one who moves for summary judgment, particularly in cases involving issues of primary negligence on the part of defendants and contributory negligence on the part of plaintiffs: *Wheeling Kitchen Equipment Company* v. *R & R Sewing Center, Inc.*, 154 W.Va. 715, 179 S.E.2d 587; *Gillespie* v. *City of Charleston*, 154 W.Va. 565, 177 S.E.2d 354; *Hanks* v. *Beckley Newspapers Corporation*, 153 W.Va. 834, 172 S.E.2d 816; *Perdue* v. *S. J. Groves and Sons Company*, 152 W.Va. 222, 161 S.E.2d 250; *Spangler* v. *Fisher*, 152 W.Va. 141, 159 S.E.2d 903; *Beaver* v. *Hitchcock*, 151 W.Va. 620, 153 S.E.2d 886; *Haga* v. *King Coal Chevrolet Company*, 151 W.Va. 125, 150 S.E.2d 599; *Deane* v. *Kirsch*, 148 W.Va. 429, 135 S.E.2d 295; *Hatten* v. *Mason Realty Company*, 148 W.Va. 380, 135 S.E.2d 236; *Aetna Casualty*

*and Surety Company* v. *Federal Insurance Company of New York,* 148 W.Va. 160, 133 S.E.2d 770.

From the written opinion filed in the trial court and made a part of the record by a court order, it appears that the trial judge may have been under the impression that this Court has held, particularly in *Hatten* v. *Mason Realty Company,* 148 W.Va. 380, 135 S.E.2d 236, that "summary judgment should not be granted in any negligence action." A portion of the unanimous opinion in that case is as follows (148 W.Va. 380, 390-91, 135 S.E.2d 236, 242-43):

> "This Court has stated heretofore that the summary judgment procedure provided by R. C. P. 56 is not a substitute for a trial by the court or a jury of an issue of fact, but it involves a determination that, as a matter of law, there is no genuine issue of fact to be tried; that, as a general proposition, issues of negligence are not susceptible of summary adjudication; that summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry is not desirable to clarify the application of the law; that the question to be decided on a motion for summary judgment is whether there is a genuine issue of fact and not how that issue should be determined; that a party who moves for a summary judgment has the burden of showing that there is no genuine issue of fact and any doubt as to the existence of such issue is resolved against the movant for such judgment; * * * and that even in a case in which the trial judge is of the opinion that he should direct a verdict for one or the other of the parties on factual issues involved, he should, nevertheless, ordinarily hear evidence and upon a trial direct a verdict rather than to try the case in advance on a motion for summary judgment. *Aetna Casualty & Surety Company* v. *Federal Insurance Company of New York,* 148 W.Va. 160, 133 S.E. 2d 770; *Petros* v. *Kellas,* 146 W.Va. 619, 122 S.E.2d 177.
>
> "Questions of negligence, due care, proximate cause, and concurrent negligence present issues of fact for the jury where the evidence is conflicting or when the facts, though undisputed,

are such that reasonable men may draw different conclusions from them. * * * The province of the jury as the trier of fact is fundamental in our system of jurisprudence. R. C. P. 56, relating to summary judgment, does not create a right on the part of the court to invade the province of the jury, but, on the contrary, the function of the jury as the trier of fact remains unimpaired by that rule."

This Court recognizes without question that R.C.P. 56 is applicable to civil actions based on negligence and that, in proper circumstances, summary judgments may be awarded in actions of this character. The language of the Court quoted above recognizes the general rule that summary judgments should be entertained and granted with due restraint in civil actions involving issues of negligence and contributory negligence. See, in addition to the *Hatten* case, the following: *Petros* v. *Kellas,* 146 W.Va. 619, 634, 122 S.E.2d 177, 185-86.

Bearing in mind the general rule that actions involving issues of negligence ordinarily are not susceptible of adjudication by summary judgment, we are of the opinion that the trial court erred in holding that the plaintiffs' answers to interrogatories demonstrated that the civil action involved no genuine issues of material fact and that the defendant was entitled to a summary judgment in his favor as a matter of law.

Many variables are necessarily involved in an action involving the issue of a defendant's primary negligence and a plaintiff's contributory negligence. The record upon which the trial court rendered summary judgment does not disclose the speed at which the defendant was traveling as he approached the scene of the accident, except that he was proceeding at a "fast" rate of speed. Various considerations enter into a determination of the speed at which a motorist, as a reasonably prudent man, should travel under any given set of circumstances and conditions. The defendant must have seen the infant plaintiff as he approached her. He was charged with a duty to see

and to observe her if a reasonably prudent man, under the circumstances, would have seen and observed her as he approached the scene of the accident. Conceivably a jury might reasonably and properly find that the defendant, in the exercise of reasonable care, was charged with a duty to see the infant plaintiff as he approached her, and that he was charged with a duty to anticipate that she was about to go upon the highway.

A jury might find from the facts of the case, when the pertinent facts are disclosed by testimony, that the defendant, in the exercise of due care, had the last clear chance to avoid the accident. The element of proximate cause, as distinguished from remote cause, is an important element of any case involving issues of primary negligence on the part of a defendant and contributory negligence on the part of a plaintiff. *Lilly* v. *Taylor,* 151 W.Va. 730, 155 S.E. 2d 579.

From the testimony taken in the trial court in connection with the plaintiffs' motion made pursuant to R.C.P. 60 (b), it is evident that, upon a trial of this case by a jury, the infant plaintiff likely will testify that her answers to interrogatories were incorrectly recorded in typewritten form and that she did not make oath to the truth of the answers before a notary public. The weight of her testimony of this character would present a question peculiarly for jury determination.

For reasons stated in this opinion, the judgment of the Circuit Court of Berkeley County is reversed and the case is remanded to that court for such further proceedings as may be proper and consistent with the views expressed by the Court in this opinion.

*Reversed and remanded.*