TAYLOR E. HINES

*v.*

WENDELL W. HOOVER, *et al.*

(No. 13134)

Submitted September 26, 1972. Decided November 14, 1972.

*John R. Dyer, William W. Talbott,* for appellant.

*Morton & Garrett, E. V. Morton, Jr., William C. Garrett,* for appellees.

KESSEL, JUDGE:

This case is before the Court upon an appeal by the plaintiff, Taylor E. Hines, from a final judgment of the Circuit Court of Webster County entered November 21, 1970, in a civil action instituted by the plaintiff against Wendell W. Hoover, Nelle E. Hoover, Hazel M. Matheny, Paul M. Matheny, John C. Vance, Jean Cochran Vance, Cyrus R. Vance, Grace Sloane Vance and The Sun Lumber Company, a corporation, as defendants, to compel specific performance of an oral contract to convey land or in the alternative to recover damages, with interest, for the breach of the contract, based on the value of the land sought to be conveyed.

The circuit court rendered summary judgment in favor of the defendants on October 24, 1970. The circuit court did not make findings of facts and did not set forth conclusions of law, but wrote a letter to counsel dated September 2, 1970, in which he made certain observations, which letter was made a part of the record of this case, by stipulation of counsel. The pertinent part of this letter is as follows:

> "The Court sustains the motion for summary judgment in the above captioned action. Although I will not write an opinion setting forth the findings of fact and conclusions of law, which would be more or less a repetition of contentions and assertations contained in the briefs of counsel, in addition thereto, however, I would make the following observations.

> "The Court is of the opinion that if there had in fact been an oral contract as claimed by plaintiff it was one which could have been performed within one year, this in accordance with decided West Virginia cases. Such alleged agreement, if made, had to be between plaintiff and John M. Hoover, now many years deceased. That which plaintiff claims Wendell W. Hoover did and said would at most be binding upon Wendell W. Hoover only, or at most evidence only of the pre-existence of some agreement between plaintiff and John M. Hoover. The 'dead man

statute' precludes plaintiff from testifying as to conversations allegedly had with John M. Hoover during his life time. The power of attorney of John W. Davis to John M. Hoover was for a limited purpose, 'to make, execute, acknowledge and deliver an option contract or option contracts for the sale of any interest in x x x'. Considering only admissible testimony in the depositions the plaintiff has failed to establish by a preponderance of the evidence that there was (1) a contract between himself and John M. Hoover for the sale and purchase of the land as contended by plaintiff, (2) that John M. Hoover, acting as agent for John W. Davis, made any agreement with plaintiff for the sale of the one-half interest of John W. Davis, (3) that John M. Hoover, acting as agent for Wendell W. Hoover, or that Wendell W. Hoover in his own right, made such an agreement as contended for by plaintiff, and (4) that plaintiff brings himself within one of the established exceptions to the rule of statute of frauds requiring the agreement to be in writing, or some memorandum thereof, signed by the party to be charged. The Court would further observe that plaintiff is guilty of laches by delaying for, if not 5 years, at least a long period of time in bringing his action, all to the prejudice of the defendants. The one person who could have testified and either admitted or denied the contentions of plaintiff, John M. Hoover, has been dead for many years, and understandably his personal files destroyed, as testified to by his son and the defendant, Wendell W. Hoover. His testimony, presumably to the contrary to that contended for by plaintiff, could have been primarily the entire defense in this action.

"For the foregoing reasons the motion for summary judgment will be sustained as to the relief prayed for by plaintiff for both specific performance and in lieu thereof recovery as damages for the breach of the contract. * * *"

The testimony referred to in this opinion was taken from certain discovery depositions which were, by agreement of counsel, to be considered by the trial

court in ruling upon defendants' motion for summary judgment.

In 1944, and apparently prior to that time, John W. Davis and Wendell W. Hoover were the owners of approximately 7,268 acres of land in Webster County, known as the Garvin lands, each having title to a one-half undivided interest in the tract. By a deed dated August 9, 1949, John M. Hoover acquired a one-fourth undivided interest from Wendell W. Hoover and his wife, Nelle Hoover.

The plaintiff alleged in his complaint and testified in his discovery depositions that he entered into an oral executory contract with John M. Hoover and Wendell W. Hoover, in their own right and as agents for John W. Davis, to take care of the tract of land and report trespasses on a certain parcel of timber land. In exchange for the performance of these services, the plaintiff maintains that he was to receive a deed for the surface, including the timber, of a designated part of the tract for which he was to pay the grantors $5 an acre. The parcel of land contained approximately 600 acres, as later determined in a survey.

The plaintiff contends that he entered into his duties as a caretaker sometime in 1944 and continued to serve in that capacity until learning of the sale of the entire tract to The Sun Lumber Company by a deed dated October 28, 1963. This action was filed on October 7, 1968.

John M. Hoover died in 1951 and by will devised his one-fourth undivided interest to his three children, Wendell W. Hoover, Hazel M. Matheny, and Alice Maxwell, share and share alike. By the will each of the three children received a one-twelfth undivided interest in the tract. Wendell W. Hoover purchased the undivided interest of Alice Maxwell by a deed dated May 14, 1954.

The defendants, John C. Vance and Cyrus R. Vance, acquired a jointly held one-half undivided interest in

the land by devise by the will of John W. Davis, who died in 1955.

In his deposition, Wendell W. Hoover testified that he did not enter into an oral executory contract with the plaintiff for the care of the land and that, to his knowledge, neither did his father, John M. Hoover. Wendell Hoover contends in his testimony that there was no agency relationship between his father and John W. Davis or himself and the heirs of John W. Davis. Hoover testified that the plaintiff had no connection with the tract except as an employee of The Sun Lumber Company, who acquired periodically the timber rights on certain portions of the tract.

Counsel for the plaintiff introduced as an exhibit a power of attorney executed by John W. Davis, in 1938, to John M. Hoover, authorizing Hoover "to make, execute, acknowledge and deliver an option contract or option contracts for the sale of my interest in * * * the Garvin lands". A deed to a portion of the tract made in 1955 by Wendell Hoover and the heirs of John M. Hoover and John W. Davis makes the following reference: "This deed is executed and delivered pursuant to that certain written agreement dated February 11, 1950, not of record, made by J. M. Hoover for John W. Davis and Wendell W. Hoover for the sale of the land hereinabove described to the said Junior Clevenger and James Clevenger." The deed does not, however, make specific reference to the power of attorney executed in 1938 by John W. Davis. Mr. John C. Vance testified that the information he received from Mr. Wendell Hoover was that the power of attorney related solely to option contracts for the sale of the entire tract.

In relation to the services performed pursuant to the alleged contract, the plaintiff testified that he did "scaling of timber" harvested from the tract; that he had people spotted on the land who reported trespassing to him and he would investigate it and inform Mr. Wendell Hoover; that he helped with any surveying which was done on

the tract of land; that he purchased the interests of certain individuals to a fifty-acre parcel of land in order to get a right of way into the Desert Fork portion of the 7,268 acre tract of land; and that he took people onto the tract many times to look over the coal.

Elmer Mollohan testified that he had surveyed several portions of the tract of land; that the plaintiff worked with him on the survey; that on one occasion he was employed by the plaintiff to do a survey, but that he was paid by John Hoover; that on another occasion John Hoover requested a survey and he was paid by the plaintiff. Moreover, Mollohan testified that he was aware of other owners of the tract of land, but that he had the impression that the Hoovers were agents for the other owners.

Wendell Hoover testified that he never engaged Hines to "report fires or theft of timber" as there were tenants on the land to do that. Hoover admitted in his testimony that he had engaged Hines to buy up the interests of some of the heirs of the fifty-acre Cogar tract in order to obtain a right of way to the Desert Fork portion of the "Garvin lands" and that the plaintiff did report to him that trespassers were cutting white oak timber on the tract of land.

Moreover, Hoover testified that the first he knew of the plaintiff's claim was "close to 1960"; that he did go out to the tract of land when Mr. Mollohan was surveying the portion of the tract claimed by the plaintiff in order to see exactly what land Hines was claiming; and that he never prepared a deed for the parcel of real estate.

The deponent Hoover was cross-examined in reference to a letter addressed to the plaintiff, signed by Hoover and dated May 22, 1956, which requested the plaintiff to accompany the Vances and other "coal men" to the tract. The letter, which was not made a part of the record, purportedly stated that Hoover would discuss with Mr. Vance the sale of this particular tract to the plaintiff. Wendell Hoover gave the following testimony in reference

to the letter: "Evidently I must have written that. My father was not living then. As I recall Mr. Vance was only here one time and my father went along with him. Mr. Hines was along at that time."

Both the plaintiff and Elmer Mollohan testified that Wendell Hoover told them that he had prepared a deed for the parcel of real estate claimed by the plaintiff.

The primary question presented by this case for decision is whether the circuit court was in error in granting the defendants' motion for summary judgment. Rule 56 of the Rules of Civil Procedure deals with a summary judgment, and section (c) of the Rule provides in part as follows: "The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." " 'A party who moves for summary judgment has the burden of showing that there is no genuine issue of fact and any doubt as to the existence of such issue is resolved against the movant for such judgment.' Syllabus, Point 6, *Aetna Casualty & Surety Co. v. Federal Insurance Co. of New York,* 148 W.Va. 160." Syllabus, *Wheeling Kitchen Equipment Co., Inc. v. R & R Sewing Center, Inc.,* 154 W.Va. 715, 179 S.E.2d 587. See *Anderson v. Turner,* 155 W.Va. 283, pt. 5 syl., 184 S.E.2d 304.

"The summary judgment proceeding provided by Rule 56 of the West Virginia Rules of Civil Procedure is not a substitute for a trial or a trial by a jury or by the court of an issue of fact, but is a determination that, as a matter of law, there is no issue of fact to be tried." *The Employers' Liability Assurance Corporation v. Hartford Accident and Indemnity Company,* 151 W.Va. 1062, pt. 1 syl., 158 S.E.2d 212. See *Anderson v. Turner,* 155 W.Va. 283, pt. 1 syl., 184 S.E.2d 304. *Petros v. Kellas,* 146 W.Va. 619, pt. 7 syl., 122 S.E.2d 177. "A motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry

concerning the facts is not desirable to clarify the application of the law." *Aetna Casualty and Surety Company v. Federal Insurance Company of New York,* 148 W.Va. 160, pt. 3 syl., 133 S.E.2d 770. See *Anderson v. Turner,* 155 W.Va. 283, pt. 3 syl., 184 S.E.2d 304.

It is abundantly clear that before a court can render summary judgment under R.C.P. 56 there must be "no genuine issue as to any material fact". In the instant case the trial court made some "observations" in a letter instead of setting forth his findings of fact and conclusions of law, as a basis for the summary judgment. This letter was made a part of the record of this case and is copied in part herein. The trial court in the letter states that "* * * the plaintiff has failed to establish *by a preponderance of the evidence* that there was (1) a contract * * *." (Italics supplied.) The trial court, by its finding "by a preponderance of the evidence" impliedly admits that there was a genuine issue of a material fact. It is apparent that the trial court recognized there was a conflict in the evidence and considered the evidence and made its finding, upon which to base its judgment, "by a preponderance of the evidence". This the trial court cannot do under a motion for summary judgment as provided in R.C.P. 56.

The pleadings, exhibits and discovery depositions, which were, by agreement, to be considered by the trial court in ruling on the motion for a summary judgment, disclose that there was more than one genuine issue of fact to be determined by the court or a jury before a judgment could be rendered: (1) Was there a contract between the plaintiff and John M. Hoover for the sale and purchase of the lands as contended by the plaintiff; (2) was John M. Hoover acting as an agent for John W. Davis when he made the alleged agreement with the plaintiff for the sale of the one-half interest of John W. Davis in the land; and (3) was John M. Hoover acting as agent for Wendell W. Hoover when he made the alleged agreement of sale, or was Wendell W. Hoover acting in his own right. Wendell W. Hoover denies any agreement on his part with

the plaintiff in reference to the sale of the land to the plaintiff and further denies any knowledge of any such agreement made by his father, John M. Hoover.

There being a genuine issue as to a material fact in this case to be decided by the court or a jury, it was error for the trial court to grant the motion of the defendants for a summary judgment.

For reasons stated in this opinion, the summary judgment of the Circuit Court of Webster County is reversed and the case is remanded to that court for such further proceedings as may be proper and consistent with the views expressed by the Court in this opinion.

*Reversed and remanded.*