THE BOARD OF EDUCATION

OF THE

COUNTY OF OHIO, *a W. Va. corp.,*

*v.*

VAN BUREN AND FIRESTONE, ARCHITECTS, INC.,

*an Ohio corp., et al.*

(No. 14639)

Decided June 17, 1980.

*McCamic & McCamic and Jeremy C. McCamic, Preiser & Wilson and Stanley E. Preiser,* for appellant.

*O'Brien & Cassidy and Frank O'Brien, Jr.,* for Van Buren and Firestone, Architects, Inc.

*Davis, Davis, Hall & Clovis and Fred L. Davis, Jr., Thompson, Hine & Flory, William D. Ginn, William H. Wallace, William B. Leahy,* for Galbreath & Turner.

*Schrader, Stamp & Recht and Frederick P. Stamp, Jr.,* for McMasters & Pa. Nat'l Mutual.

*Bachmann, Hess, Bachmann & Garden and John B. Garden,* for Pitt. Testing Lab.

*Mead, Goodwin & Sadd and Thomas A. Goodwin,* for Ohio Valley Testing.

NEELY, CHIEF JUSTICE:

This is an appeal from a decision of the Circuit Court of Ohio County granting a motion for summary judgment. The appellant, the Board of Education of Ohio County, entered into contracts with eight parties for the construction of a new, consolidated high school. After the area surrounding the school building collapsed because the soil could not support construction, all eight parties were named as defendants in a negligence action. Three of the defendants, the appellees, were absolved of any wrongdoing when their motions for summary judgment were granted. The appellant alleged that the defendants failed to conduct recommended soil stability tests or hire a soils engineer before beginning site preparation and, therefore, negligent preparation caused the eventual collapse of the areas surrounding the school building which were to be used for parking, basketball, etc. Due to the issues of fact presented by this action, and due to the premature granting of the motion for summary judgment before discovery had been completed, we reverse the Circuit Court.

The three appellees whose motions for summary judgment were granted are: Evans, Mechwart, Hambleton & Tilton, Inc., an Ohio corporation (hereinafter the "contractor"); Louis M. McMaster, Inc., a Pennsylvania corporation (hereinafter the "engineer"); and Pennsylvania

National Mutual Casualty Insurance Company, a Pennsylvania corporation (hereinafter the "bonding company"). They contend that their duties with respect to the site preparation plans and specifications did not encompass the scope of duties the appellant alleged in the complaint. The contractor contends that as a site excavation contractor its duties were specifically to furnish all services, labor, materials, and equipment to complete the site preparation work for the high school in accordance with the specifications prepared by the architect. The appellant argues that the Pittsburgh Testing Laboratory, which was hired to study site preparations, recommended that test borings be performed to analyze the slope stability and that the contractor had a copy of this report. Thus, the appellant argues that the contractor breached its contract with the Board of Education and breached all warranties made by it to the Board of Education, both express and implied, in that the contractor knew or should have known that the specifications were incorrect.[1]

Evidence suggesting that the engineer was negligent during the design stage of the construction had yet to be developed. It is established that the architect and his employed consultants, including the engineer, were responsible for the design, and that the failure of construction was probably due to a design fault; however, the extent of the engineer's responsibility to determine necessary test borings and percolation tests is not clear.

---

[1] Article IV of the contractor's contract required in pertinent part:

Should the proper and accurate performance of the Work hereunder depend upon the proper and accurate performance of other work not covered by this Agreement, the Contractor shall carefully examine such other work, determine whether it is in fit, ready and suitable condition for the proper and accurate performance of the Work hereunder, use all means necessary to discover any defects in such other work, and before proceeding with the Work hereunder, report promptly any such improper conditions and defects to the Owner or its designated agent, in writing, and allow Owner a reasonable time to have such improper conditions and defects remedied.

Additional discovery would presumably clarify the role of the engineer during the design stage, particularly since the engineer's involvement in this case was based upon an oral contract made with the architect, Van Buren and Firestone Architects, Inc. Crucial to our reversal of the summary judgment in favor of the engineer was his exoneration before the appellants had an opportunity through discovery to determine the terms and conditions of this oral contract.

## I.

In our landmark case on summary judgment, *Aetna Casualty and Surety Co. v. Federal Insurance Co.*, 148 W.Va. 160, 133 S.E.2d 770 (1963), we firmly established that a judge should hear evidence at trial even if he anticipates directing a verdict. Summary judgment is employed only when there are no genuine issues of material fact. Consequently, we have traditionally viewed summary judgment with reservations and have required that the facts of the case be viewed in a light most favorable to the party against whom the judgment was rendered. *Russell v. Webster Springs Nat'l Bank*, ____ W.Va. ____, 265 S.E.2d 762 (1980); *Masinter v. Webco Co.*, ____ W.Va. ____, 262 S.E.2d 433 (1980); *Gavitt v. Swiger*, 162 W.Va. 238, 248 S.E.2d 849 (1978); *Johnson v. Junior Pocahontas Coal Co.*, 160 W.Va. 261, 234 S.E.2d 309 (1977); *Oakes v. Monongahela Power Co.*, 158 W.Va. 18, 207 S.E.2d 191 (1974); *Hines v. Hoover*, 156 W.Va. 242, 192 S.E.2d 485 (1972); and, *State ex rel. Payne v. Mitchell*, 152 W.Va. 448, 164 S.E.2d 201 (1968).

Furthermore, our Court has been wary of allowing summary judgment in negligence cases since it is the jury's peculiar province to determine conflicting facts. *Hatten v. Mason Realty Co.*, 148 W. Va. 380, 135 S.E.2d 236 (1964). While it may be that none of the appellees is remotely responsible for the collapse of the area surrounding the school, this determination should be made after the discovery procedure has been completed. Even after discovery the court should exercise caution in reaching a conclusion based on discovery for, as Justice

Miller recently observed, "there is no requirement that all facts must be developed through discovery, and certainly no grounds for the assumption that they have been developed by discovery." *Masinter v. Webco Company, et al.,* ____ W.Va. ____, 262 S.E.2d 433 (1980). Thus, a decision for summary judgment before discovery has been completed must be viewed as precipitous.

This case appears to involve some very complicated interlocking relationships between architects, engineers, and contractors. A certain duty of care in the performance of any contract is implied; the appellants contend generally that while certain of the parties defendant performed to the letter of their limited contracts, facts came to their attention which would put reasonable men on notice that simply following specifications would result in disaster. If appellants can develop facts which show that the contractor knew or should have known that the entire plan was wholly defective yet failed to inform the appellants and urge proper corrective measures, or if it can be shown that the site preparation engineer should have visited the sight but failed to do so, and that such visits are common practice in the industry, there may be a factual basis for appellant's general allegations of negligence.

The proper course of action for the trial court to have taken would have been to defer action on the summary judgment motion until the completion of discovery and to set a date by which discovery must be concluded.

For the foregoing reasons the judgment of the Circuit Court of Ohio County is reversed.

*Reversed and remanded.*