# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Michael Doff,**
**Plaintiff Below, Petitioner**

**vs) No. 15-1204** (Morgan County 13-C-141)

**National Emergency Services**
**of West Virginia, Inc.,**
**Defendant Below, Respondent**

**FILED**

**October 28, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner and plaintiff below Michael Doff, by counsel Suzanne Williams-McAuliffe, appeals the November 18, 2015, order of the Circuit Court of Morgan County that granted the motion for summary judgment filed by respondent and defendant below National Emergency Services of West Virginia, Inc. and denied petitioner's motion for leave to file an amended complaint. Respondent, by counsel Kevin A. Nelson and Ashley W. French, filed a response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Respondent is engaged in the business of contracting with medical institutions to staff and service the medical care for those facilities. Respondent provides such staff and service by contracting with individual physicians. On August 1, 2012, respondent and petitioner, a physician, entered into a Physician Agreement ("contract"). Under the terms of the contract, petitioner agreed to provide medical services for the term of one year. The contract was automatically renewable.

The contract did not specify a particular location or medical facility at which petitioner would provide services; permitted petitioner to notify respondent on a monthly basis as to the hours or days on which he wished to make himself available to work; and provided either party the ability to terminate the contract, for any reason, upon thirty days written notice. Petitioner is identified as an independent contractor in the contract.

The contract also included a provision that stated that if respondent was notified orally or in writing by an administrative employee or a licensed physician of a medical institution where petitioner was providing services that petitioner's services were unsatisfactory, the contract could be terminated immediately without thirty days' notice to petitioner. Termination would occur by

1

mailing notice to petitioner of the termination of services.

At all times relevant, petitioner was providing emergency room medical services under the contract at War Memorial Hospital ("War Memorial") in Berkeley Springs, West Virginia. While he was providing services at War Memorial, petitioner was also providing services to two other facilities, as permitted under the contract. Under the contract, respondent was not required to schedule petitioner at any hospital (including War Memorial) for any particular number of days in any given month.

In February of 2013, petitioner advised respondent that he was available to work eight shifts at War Memorial during March of 2013. However, before the March schedule was finalized, War Memorial asked respondent to remove petitioner from any future scheduling at the facility. On February 21, 2013, after trying unsuccessfully to reach petitioner by telephone, William A. Renie, M.D., Site Medical Director for the Emergency Department at War Memorial, advised petitioner by e-mail that he would not be scheduled for any further shifts at War Memorial. Dr. Renie's e-mail informed petitioner that he had tried to reach him by telephone; that "[a]nother physician in the Valley Health system is going to be joining the WAR [sic] Memorial ED staff[;]" that "the Administration, [respondent], and the staff feel you are not well matched to the environment at WAR [sic] Memorial Emergency Department[;]" and that "[r]egrettably, [respondent] will not be scheduling you any shifts at WAR [sic] Memorial in the future." As the result of Dr. Renie's request, petitioner was not again scheduled to work at War Memorial, including the eight shifts petitioner requested for March of 2013.

On November 25, 2013, petitioner filed a complaint against respondent alleging that it had breached its contract with him by failing to provide him with thirty days' notice prior to terminating its relationship with him and also violated the West Virginia Wage Payment Collection Act by failing to pay petitioner all of his wages in full within seventy-two hours of the termination of his employment relationship with respondent. In particular, petitioner seeks payment for the eight shifts he requested at War Memorial for March of 2013, but for which he was not scheduled. Respondent filed an answer.

On July 22, 2014, respondent filed a motion for summary judgment to which petitioner filed a response. Respondent filed a reply.

On November 16, 2015, while respondent's motion for summary judgment was pending, petitioner filed a motion for leave to file an amended complaint to add War Memorial as a defendant.

By orders entered November 18, 2015, and November 30, 2015, respectively, the circuit court granted respondent's motion for summary judgment and denied petitioner's motion for leave to file an amended complaint. This appeal followed.

We review de novo petitioner's appeal of the circuit court's summary judgment order. "A circuit court's entry of summary judgment is reviewed *de novo.*" Syl. Pt. 1, *Painter v. Peavy,* 192 W.Va. 189, 451 S.E.2d 755 (1994). Our review is guided by the principle that

2

"'[a] motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law.' Syllabus Point 3, *Aetna Casualty & Surety Co. v. Federal Insurance Co. of New York,* 148 W.Va. 160, 133 S.E.2d 770 (1963)." Syllabus Point 1, *Andrick v. Town of Buckhannon,* 187 W.Va. 706, 421 S.E.2d 247 (1992).

*Painter,* 192 W.Va. at 190, 451 S.E.2d at 756, syl. pt. 2. Furthermore,

"[s]ummary judgment is appropriate where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, such as where the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove." Syllabus point 4, *Painter v. Peavy,* 192 W.Va. 189, 451 S.E.2d 755 (1994).

Syl. Pt. 5, *Toth v. Bd. of Parks & Recreation Comm'rs*, 215 W.Va. 51, 593 S.E.2d 576 (2003).

We first address petitioner's claim that the circuit court erred in granting summary judgment in favor of respondent because there were disputed issues of material fact as to whether the contract was terminated. The circuit court concluded that the evidence showed that petitioner's contractual relationship with respondent was not terminated on February 21, 2013. Rather, the court determined that, based upon Dr. Renie's e-mail on that date, "[t]he only thing that was ended was [petitioner's] services at War Memorial Hospital, at the hospital's insistence[;]" that, under the contract, petitioner's services were not limited to War Memorial; and that respondent still had the ability, under the contract, to place petitioner at other facilities.

Petitioner argues that a reasonable jury could have determined that the contract was terminated based upon (1) "the undisputed fact that [petitioner] never worked for [respondent] in ANY capacity after February 21, 2013," and (2) Dr. Renie's email to petitioner stating that War Memorial and respondent feel that petitioner is "not well matched to the environment at the War Memorial Emergency Department[,]" and that respondent "will not be scheduling [petitioner] for any shifts at War Memorial in the future." We find petitioner's argument to be wholly without merit.

First, although he argues that the evidence is "undisputed" that he did not work for respondent after he received Dr. Renie's February 21, 2013, e-mail, petitioner fails to cite to any evidence within the appendix record in support of this claim. Thus, this argument fails to comport with Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure (requiring that appellate briefs "must contain appropriate and specific citations to the record on appeal"). Furthermore, it is beyond cavil that "'self-serving assertions without factual support in the record will not defeat a motion for summary judgment.' *Williams v. Precision Coil, Inc.,* 194 W.Va. 52, 61 n. 14, 459 S.E.2d 329, 338 n. 14 (1995)." *Barbina v. Curry*, 221 W.Va. 41, 48, 650 S.E.2d 140, 147 (2007). *See West Virginia Fire & Cas. Co. v. Mathews,* 209 W.Va. 107, 112 n. 5, 543 S.E.2d 664, 669 n. 5 (2000) (stating that "[s]tatements made by lawyers do not constitute evidence in a case."). As we held in syllabus point three of *Williams,*

3

"[i]f the moving party makes a properly supported motion for summary judgment and can show by affirmative evidence that there is no genuine issue of material fact, the burden of production shifts to the nonmoving party who must either (1) rehabilitate the evidence attacked by the moving party, (2) produce additional evidence showing the existence of a genuine issue for trial, or (3) submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f) of the West Virginia Rules of Civil Procedure."

194 W.Va. at 56, 459 S.E.2d at 333. To carry its burden, the nonmoving party must offer "more than a mere 'scintilla of evidence' and must produce evidence sufficient for a reasonable jury to find in a nonmoving party's favor. *Anderson* [*v. Liberty Lobby, Inc.*], 477 U.S. [242,] at 252, 106 S.Ct. [2505,] at 2512, 91 L.Ed.2d [202,] at 214 [(1986)]." *Williams*, 194 W.Va. at 60, 459 S.E.2d at 337. Thus, petitioner's representation, without more, that he did not work for respondent after February 21, 2013, is not sufficient to create a genuine issue of material fact.

With regard to Dr. Renie's e-mail, it clearly states that petitioner will no longer be scheduled to work at War Memorial. The e-mail does not state or otherwise suggest that petitioner's contract with respondent was terminated or that petitioner will not be placed at other hospitals in the future.[1] Thus, this evidence does not support petitioner's contention that there is a genuine issue of material fact as to whether the contract between petitioner and respondent was terminated. Because there was no termination of the contract, the circuit court did not err in granting summary judgment in favor of respondent on petitioner's breach of contract claim.[2]

Next, petitioner argues that the circuit court erred in granting summary judgment because there were disputed issues of material fact related to respondent's motive for terminating him and/or removing him from the schedule at War Memorial. As established above, petitioner's contract with respondent was not terminated. However, petitioner also claims that he was removed from the schedule at War Memorial because he complained that the hospital and respondent had violated the Emergency Medical Treatment and Labor Act ("EMTALA"). *See* 42 U.S.C. § 1395dd. Petitioner argues that removing him from the schedule at War Memorial violated the "whistleblower" protection provisions of the EMTALA and the public policy of the State of West Virginia under the common law.

On appeal, petitioner argues that the circuit court's order "ignored" the issue of whether respondent had an improper motive in removing petitioner from the emergency room schedule at War Memorial and that summary judgment should not be granted in cases that involve motive or intent. Petitioner's argument relies on case law that addressed a claim in which motive is an

---

[1] We further note that there is no evidence that respondent mailed notice to petitioner of the termination of services, as provided for in the contract.

[2] Petitioner also briefly mentions that the circuit court erred in failing to address his claim that respondent violated the provision in the contract that required thirty days' written notice of termination. Because we find that the contract was not terminated, we need not address this issue.

element of the claim alleged. *See Dawson v. Allstate Ins. Co.*, 189 W.Va. 557, 433 S.E.2d 268 (1993) (alleging claim of gender discrimination). Similarly, petitioner cites to cases in which this Court recognized that an employer who is motivated to discharge an employee in contravention of some substantial public policy (as set forth, for example, in a statute such as the EMTALA) may be liable for damages occasioned by the discharge. *See e.g. Frohnapfel v. Arcelormittal USA LLC*, 235 W.Va. 165, 772 S.E.2d 350 (2015) (alleging employer wrongfully terminated employee for reporting violations of a permit issued under West Virginia Water Pollution Control Act and complaining to employer about such permit violations); *Harless v. First Nat'l Bank in Fairmont*, 162 W.Va. 116, 246 S.E.2d 270 (1978) (alleging that employer discharged bank employee in retaliation for complaining about and attempting to stop violations of state and federal consumer credit and protection laws).

In this case, petitioner has alleged a breach of contract claim and violation of the West Virginia Wage Payment and Collection Act. Neither claim requires proof of a motive. *See Sneberger v. Morrison*, 235 W.Va. 654, 669, 776 S.E.2d 156, 171 (2015) (stating that "[a] claim for breach of contract requires proof of the formation of a contract, a breach of the terms of that contract, and resulting damages"); West Virginia Code § 21-5-4(b) (2008 Repl. Vol.) (stating that "[w]henever a person, firm or corporation discharges an employee, such person, firm or corporation shall pay the employee's wages in full within seventy-two hours").[3] Therefore, given that respondent's alleged motive in removing petitioner from the schedule at War Memorial is not relevant to the claims set forth in petitioner's complaint, we conclude that the circuit court did not err.[4]

We next address petitioner's argument that discovery was ongoing and, that, therefore, the circuit court's summary judgment order was entered prematurely. Petitioner vaguely argues that "depositions continued to occur, complicated by the need to include War Memorial's counsel in scheduling efforts" and "[d]epositions of other War Memorial staff were . . . noticed" even though respondent's summary judgment motion had been filed and written discovery had closed at the end of July of 2015. Petitioner further states that, "[a]lso outstanding were the depositions of Dr. Renie and [respondent's] scheduler[.]" According to petitioner, "a decision for summary judgment before discovery has been completed must be viewed as precipitous." *Board of Ed. of Ohio Cty. v. Van Buren and Firestone, Architects, Inc.*, 165 W.Va. 140, 144, 267 S.E.2d 440, 443 (1980).

---

[3] West Virginia Code § 21-5-4 was amended effective July 12, 2013, after the events herein transpired. Thus, the amended version of the statute does not apply to this case.

[4] In a separate assignment of error, petitioner argues that the circuit court erred in concluding that petitioner was an independent contractor and, as such, is not entitled to avail himself of the protections of the Wage Payment and Collection Act ("Act")—in particular, West Virginia Code 21-5-4(b), which requires an employer to pay a discharged employee "the employee's wages in full within seventy-two hours." Having already established that petitioner was not discharged, we need not address whether the circuit court erred in concluding that petitioner was an independent contractor or whether the Act applies.

We find no error. Petitioner does not argue, nor does our review of the appendix record reveal, that he advised the circuit court—either formally or informally—that discovery was not complete and that additional time was needed to discover facts necessary to oppose respondent's motion. Regarding motions for summary judgment, Rule 56(f) of the West Virginia Rules of Civil Procedure provides that

> [s]hould it appear from the affidavits of a party opposing the motion [for summary judgment] that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Furthermore, as we explained in syllabus point one of *Powderidge Unit Owners Association v. Highland Properties*, *Ltd.*, 196 W.Va. 692, 474 S.E.2d 872 (1996), "[a]n opponent of a summary judgment motion requesting a continuance for further discovery" may depart from Rule 56(f) by making such request

> in written form and in a timely manner. The statement must be made, if not by affidavit, in some authoritative manner by the party under penalty of perjury or by written representations of counsel. At a minimum, the party making an informal Rule 56(f) motion must . . . (1) articulate some plausible basis for the party's belief that specified "discoverable" material facts likely exist which have not yet become accessible to the party; (2) demonstrate some realistic prospect that the material facts can be obtained within a reasonable additional time period; (3) demonstrate that the material facts will, if obtained, suffice to engender an issue both genuine and material; and (4) demonstrate good cause for failure to have conducted the discovery earlier.

*Id.,* in relevant part. *See* Syl. Pt. 3, *Crain v. Lightner,* 178 W.Va. 765, 364 S.E.2d 778 (1987) (holding that "[w]here a party is unable to resist a motion for summary judgment because of an inadequate opportunity to conduct discovery, that party should file an affidavit pursuant to *W.Va. R. Civ. P.* 56(f) and obtain a ruling thereon by the trial court. Such affidavit and ruling thereon, or other evidence that the question of a premature summary judgment motion was presented to and decided by the trial court, must be included in the appellate record to preserve the error for review by this Court.").

In the case sub judice, petitioner failed to request a continuance for further discovery either under the formal requirements of Rule 56(f) or in compliance with the informal four-point holding of *Powderidge*. Thus, the Court concludes that the circuit court did not err in granting summary judgment in favor of respondent.

Finally, we address petitioner's argument that the circuit court erred in denying his motion to amend his complaint to add War Memorial as a defendant in this case. Petitioner argues that he discovered "new evidence" implicating the hospital when the deposition testimony of two War Memorial administrators "intimated that [petitioner] complained loudly and frequently to them that War Memorial was violating EMTALA. Sufficient was the intimation to

6

warrant a motion to amend the complaint to add War Memorial as a defendant."[5]

Rule 15(a) of the West Virginia Rules of Civil Procedure states:

*Amendments.* A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

This Court has previously held that

[t]he liberality allowed in the amendment of pleadings pursuant to Rule 15(a) of the West Virginia Rules of Civil Procedure does not entitle a party to be dilatory in asserting claims or to neglect his or her case for a long period of time. Lack of diligence is justification for a denial of leave to amend where the delay is unreasonable, and places the burden on the moving party to demonstrate some valid reason for his or her neglect and delay.

Syl. Pt. 3, *State ex rel. Vedder v. Zakaib*, 217 W.Va. 528, 618 S.E.2d 537 (2005).

Furthermore, circuit courts are typically afforded broad discretion in ruling upon motions to amend:

A trial court is vested with a sound discretion in granting or refusing leave to amend pleadings in civil actions. Leave to amend should be freely given when justice so requires, but the action of a trial court in refusing to grant leave to amend a pleading will not be regarded as reversible error in the absence of a showing of an abuse of the trial court's discretion in ruling upon a motion for leave to amend.

Syl. Pt. 6, *Perdue v. S.J. Groves & Sons Co.,* 152 W.Va. 222, 161 S.E.2d 250 (1968). *See Lloyd's, Inc. v. Lloyd*, 225 W.Va. 377, 382, 693 S.E.2d 451, 456 (2010).

---

[5] However, the Court observes that the complaint naming only respondent as defendant and filed prior to the deposition of War Memorial administrators alleged that petitioner complained to the hospital about its "lack of appropriate capability and standards in the emergency department, encouraging the emergency room doctors to withhold full medical information from patients and family when it reflected poorly on care received previously by War Memorial affiliated medical practitioners and recurrent violations of . . . EMTALA." Given this allegation in the complaint, it is unclear why War Memorial was not originally included as a defendant in this case.

The circuit court found that the petitioner's motion for leave to file an amended complaint was untimely. The motion was filed on November 16, 2015, two years after the original complaint was filed; eight months after the March 2, 2015, deadline for amendments, third-party pleadings, and other matters; two months before the scheduled trial; and while respondent's motion for summary judgment was pending. As the circuit court found, petitioner had "more than enough time to add War Memorial Hospital as a defendant if he felt justice so required." For these reasons, we find that the circuit court did not abuse its discretion in denying petitioner's motion for leave to file an amended complaint.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** October 28, 2016

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II