**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Michelle L. Markovich,**
**Plaintiff Below, Petitioner**

**vs.)  No. 22-0327** (Lewis County 19-C-27)

**West Virginia Department of Health and**
**Human Resources and West Virginia**
**Division of Personnel,**
**Defendants Below, Respondents**

**MEMORANDUM DECISION**

Petitioner Michelle L. Markovich appeals the Circuit Court of Lewis County's April 4, 2022, order denying her "Motion to Reconsider" the court's grant of summary judgment in respondents' favor on her gender discrimination claim.[1] Upon our review, finding no substantial question of law and no prejudicial error, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21(c).

Petitioner applied for, was offered, and ultimately accepted the position of administrative services manager III – assistant CEO of William R. Sharpe, Jr. Hospital, an acute care psychiatric facility operated by Respondent West Virginia Department of Health and Human Resources ("DHHR").[2] The position fell within the state civil service system and was subject to Respondent West Virginia Division of Personnel's ("DOP") pay plan policy. The DOP pay plan policy afforded the DHHR discretion to augment a salary within certain parameters, and within those parameters, the DHHR offered petitioner a starting salary above the minimum established salary for the position. Shortly after starting, petitioner learned that the salary of her predecessor, a male, was approximately $15,000 more than her salary. Petitioner, accordingly, sought a salary increase,

---

[1] Petitioner appears by counsel Erika Klie Kolenich and Ambria M. Britton. Respondent West Virginia Department of Health and Human Resources appears by counsel Carrie A. Dysart and Michael E. Mullins. Respondent West Virginia Division of Personnel appears by counsel Jan L. Fox and Mark C. Dean.

[2] Petitioner's position was later reclassified. Her title became assistant administrator, acute care hospital, but the pay grade remained the same as that for the administrative services manager III position.

1

but the DHHR informed her that her salary could not be increased because she was within her probationary period and because West Virginia law prohibited retroactive salary increases.

In May 2019, petitioner sued respondents, asserting a claim of gender discrimination, in violation of the West Virginia Human Rights Act, predicated on the allegation that she received less compensation for the same work completed by less or equally qualified males. Following the close of discovery, respondents each moved for summary judgment. Petitioner opposed, arguing that she was disparately treated by respondents, based upon her gender, in that she was paid less than her male predecessor and that the process of setting starting salaries had a disparate impact on petitioner and other females. She identified a few female DHHR employees whose salaries were lower than a few males' salaries.

The parties appeared for a pretrial conference on November 9, 2021. In response to an outstanding motion to compel, the DHHR agreed to produce all documents from petitioner's predecessor's personnel file that had not yet been produced by the close of business the following day.[3] The parties then argued their respective summary judgment positions. The next day, in line with its agreement, the DHHR produced forty additional pages from petitioner's predecessor's personnel file, thirty-six of which were forms signed by him acknowledging receipt of various materials. Two performance appraisals comprised the remaining pages.

On November 16, 2021, the court entered its order granting respondents summary judgment. The court concluded that petitioner lacked evidence on an essential element of her disparate treatment claim. Namely, the court found that she had produced no evidence that the calculation of her starting salary was due in any part to her gender. The court noted that petitioner's salary was initially calculated by a woman at the DHHR and approved by another female DHHR employee. The proposed salary was then reviewed and approved by three female employees of the DOP. Citing Article VI, Section 38 of the West Virginia Constitution, which provides that "[n]o extra compensation shall be granted or allowed to any public officer, agent, servant or contractor, after the services shall have been rendered or the contract made," and West Virginia Code § 6-7-7, which provides similarly, the court found that there was no legal mechanism by which petitioner could renegotiate her starting salary once she accepted it. After completing her probationary period—once legally eligible for a pay increase—the DHHR proposed multiple increases, which the DOP approved.

The court also found that respondents provided a non-discriminatory reason for petitioner's starting salary calculation. Discovery revealed that, due to a misunderstanding about whether certain of petitioner's prior experience could be considered in calculating her starting salary, that prior experience was not factored into the calculation. Had the prior experience been considered, it would have warranted a higher starting salary. The law cited above prevented any salary adjustment at the time the miscalculation was discovered, but, following petitioner's probationary

---

[3] Petitioner filed her motion to compel before respondents filed their motions for summary judgment.

period, she then received raises. The court also found that the DOP did not make an "adverse decision" regarding petitioner because it did not calculate or choose petitioner's starting salary.[4]

The court also found that petitioner failed to establish a prima facie disparate impact claim because her "sample size of only five (5) employees . . . is too small . . . to have an accurate statistical comparison that is necessary to show a prima facie case of disparate impact," and the identified employees all had "different work experience and education which leads to too many variables for an accurate depiction of how their salaries were calculated compared to [petitioner's] salary."

Petitioner immediately filed a "Motion to Reconsider Ruling and Provide Plaintiff Additional Time to Supplement Responses." Petitioner argued that the grant of summary judgment was "precipitous" because discovery was not complete due to the late-produced pages from her predecessor's file. She requested that the court "set aside" its order granting summary judgment or, alternatively, provide her with additional time to supplement her responses to respondents' summary judgment motions. The court summarily denied petitioner's "motion to reconsider" due to her failure to cite any West Virginia Rule of Civil Procedure in support and because "motions to reconsider" are not recognized under those rules. Petitioner now appeals the court's summary judgment order, our review of which is de novo.[5] Syl. Pt. 1, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994).

In petitioner's first assignment of error, she claims that the court's grant of summary judgment was "precipitous" because discovery—i.e., the pages remaining from her predecessor's file—was not complete. *Bd. of Educ. of Ohio Cnty. v. Van Buren & Firestone, Architects, Inc.*, 165 W. Va. 140, 144, 267 S.E.2d 440, 443 (1980) ("[A] decision for summary judgment before discovery has been completed must be viewed as precipitous."). Petitioner argues that the court rendered its decision without considering all relevant information, and she contends that she was deprived of the opportunity to present a full opposition to respondents' motions because she did not have all relevant facts.

---

[4] In one sentence, the court also found that the DHHR made no "adverse decision" regarding petitioner's starting salary. The ensuing discussion in the court's order addresses the DOP, however, and it appears that this lone reference to the DHHR was a typographical error.

[5] A motion for reconsideration filed within ten days of judgment being entered suspends the finality of the judgment and makes the judgment unripe for appeal. When the time for appeal is so extended, its full length begins to run from the date of entry of the order disposing of the motion.

Syl. Pt. 7, *James M.B. v. Carolyn M.*, 193 W. Va. 289, 456 S.E.2d 16 (1995). *James M.B.* and other precedent notwithstanding, we take this time to remind litigants that "[a] 'motion to reconsider' is not recognized under our Rules of Civil Procedure. When motions seek relief afforded by the Rules of Civil Procedure, such motions should expressly identify the Rule of Civil Procedure under which relief is sought and should be captioned accordingly." Syl. Pt. 3, in part, *Malone v. Potomac Highlands Airport Auth.*, 237 W. Va. 235, 786 S.E.2d 594 (2015).

A party who believes that additional discovery is necessary to sufficiently oppose a motion for summary judgment has a well-established procedure at their disposal: Rule 56(f) of the West Virginia Rules of Civil Procedure. In a nutshell, the rule requires the party seeking additional discovery to file an affidavit setting forth the reasons for the party's inability to present "facts essential to justify the party's opposition." *Id.* Upon this showing, a court may order a continuance for additional discovery. *Id.* The necessity to follow the "exact letter" of the rule has been softened, but a party seeking additional discovery must, at a minimum,

> (1) articulate some plausible basis for the party's belief that specified "discoverable" material facts likely exist which have not yet become accessible to the party; (2) demonstrate some realistic prospect that the material facts can be obtained within a reasonable additional time period; (3) demonstrate that the material facts will, if obtained, suffice to engender an issue both genuine and material; and (4) demonstrate good cause for failure to have conducted the discovery earlier.

Syl. Pt. 1, in part, *Powderidge Unit Owners Ass'n v. Highland Props., Ltd.*, 196 W. Va. 692, 474 S.E.2d 872 (1996). Here, petitioner did not comply with either the requirements of Rule 56(f) or those set forth in *Powderidge*, instead claiming for the first time *after* the court granted summary judgment to respondents that the remaining pages were necessary to oppose their motions.[6] "When a party does not avail himself of Rule 56(f), it is generally not an abuse of discretion for a circuit court to rule on a motion for summary judgment." Because petitioner failed to avail herself of Rule 56(f), the court did not err in ruling on respondents' motions for summary judgment.

Next, petitioner argues that the court served as the trier of fact in determining that she failed to establish a prima facie case of disparate impact. She maintains that she offered "multiple examples of women" who received less pay than men within the DHHR and that the court improperly weighed this evidence in concluding that it was insufficient.

In establishing a prima facie claim of disparate impact, a plaintiff "bears the burden of (1) demonstrating that the employer uses a particular employment practice or policy and (2) establishing that such particular employment practice or policy causes a disparate impact on a class protected by the Human Rights Act." Syl. Pt. 6, in part, *Barefoot v. Sundale Nursing Home*, 193 W. Va. 475, 457 S.E.2d 152 (1995). Petitioner's "multiple examples" of disparity in pay consist of four women, including herself, and two men, all of whom had varying levels of experience and education. Plus, two of the individuals—one man and one woman—did not hold the same position

---

[6] Notably, petitioner has failed to articulate the materiality of the pages produced from her predecessor's file, and we are unable to discern any. Petitioner claimed that she was disparately impacted/disparately treated by the setting of her starting salary. Her predecessor's acknowledgment of materials and his performance evaluations do not bear on his starting salary calculation.

as petitioner.[7] This is the exact sort of evidence we found to be "insufficient as a matter of law" in *Barefoot*. *Id.* at 489, 457 S.E.2d at 166. In that case, the plaintiff predicated her disparate impact claim on the assertion that the employer's discharge decisions had a disparate impact on Native Americans, but she offered only evidence of five employees' discharges, not all of whom were Native American, and no evidence comparing the discharge rates of Native American and non-Native American employees. *Id.* The *Barefoot* Court's assessment of this evidence was that the plaintiff's "anecdotal evidence concerning the other discharges was insufficient as a matter of law." *Id.* Indeed, disparate impact claims are "ordinarily proved by statistics[.]" *Id.* at 480, 457 S.E.2d at 157, Syl. Pt. 7, in part (quoting Syl. Pt. 2, *Dobson v. E. Associated Coal Corp.*, 188 W. Va. 17, 422 S.E.2d 494 (1992)). Petitioner here offered no statistical analysis establishing that the manner in which starting salaries are calculated disparately impacts women, and, just as we concluded in *Barefoot*, petitioner's anecdotal evidence is insufficient as a matter of law to establish a prima facie case of disparate impact. Accordingly, we find that the court did not impermissibly serve as the trier of fact but, rather, correctly evaluated whether there was a genuine issue of material fact for a jury's resolution. *See Williams v. Precision Coil, Inc.*, 194 W. Va. 52, 58, 459 S.E.2d 329, 335 (1995) ("'Rule 56 of the West Virginia Rules of Civil Procedure[, governing summary judgment,] plays an important role in litigation in this State. It is "designed to effect a prompt disposition of controversies on their merits without resort to a lengthy trial,"' if there essentially 'is no real dispute as to salient facts' or if it only involves a question of law.") (quoting *Painter*, 192 W. Va. at 192 n.5, 451 S.E.2d at 758 n.5).

Finally, in petitioner's third assignment of error, she argues that the court erred in concluding that she was not subject to an adverse employment action. She maintains that paying her less than a male constitutes an adverse employment action, but the bulk of her argument centers on her assertion that the manner in which starting salaries were calculated disparately impacted women, pointing to the men and women identified above.

To begin, as set forth above, petitioner's evidence is insufficient as a matter of law to create a jury issue on the question of disparate impact, so petitioner has not demonstrated any error in the court's ruling on that basis. The assignment of error, though, in referencing an adverse employment decision, sounds in disparate treatment rather than disparate impact. *See* Syl. Pt. 3, *Conaway v. E. Associated Coal Corp.*, 178 W. Va. 164, 358 S.E.2d 423 (1986) (setting forth three elements of a prima facie case of disparate treatment discrimination, one of which is "[t]hat the employer made an adverse decision concerning the plaintiff"); *see also W. Va. Univ./W. Va. Bd. of Regents v. Decker*, 191 W. Va. 567, 572, 447 S.E.2d 259, 264 (1994) (concluding that the plaintiff "failed to meet the general standard for proving a *prima facie* case of disparate treatment in employment established in *Conaway*"). To the extent that petitioner is claiming error in the court's grant of summary judgment on her disparate treatment discrimination claim, we find her evidence insufficient to create a jury issue on that claim as well. Even *if* petitioner offered evidence sufficient to make out a prima facie case of disparate treatment, she has no evidence—nor does she argue— that respondents' stated reasons for the initial salary offer to petitioner were pretextual. *See*

---

[7] In fact, discovery revealed that those who hold the same position as petitioner—women— earned more than petitioner, but petitioner ignored this inconvenient evidence in her attempt to prove disparate impact.

*Conaway*, 178 W. Va. at 171, 358 S.E.2d at 430 (setting forth that if an employer offers a nondiscriminatory reason for the decision at issue, the employee must show that "the stated reason was merely a pretext for discriminatory motive"). "To get to the jury, the employee must offer sufficient evidence that the employer's explanation was pretextual to create an issue of fact." *Skaggs v. Elk Run Coal Co.*, 198 W. Va. 51, 73, 479 S.E.2d 561, 583 (1996). Accordingly, any claim of disparate treatment discrimination likewise fails.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** October 18, 2023

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton

**DISQUALIFIED:**

Justice C. Haley Bunn