## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

Tammy L. Gilhuys,
Petitioner Below, Petitioner

**v.) No. 23-759** (ICA No. 22-ICA-258)

Hardy County 911 Center,
Respondent Below, Respondent

## MEMORANDUM DECISION

Petitioner Tammy L. Gilhuys appeals the November 1, 2023, memorandum decision of the Intermediate Court of Appeals of West Virginia (ICA), affirming the order of the Circuit Court of Hardy County entered on October 28, 2022, granting summary judgment to her employer, Respondent Hardy 911 Center on her employment discrimination claims.[1] *See Gilhuys v. Hardy Cnty. 911 Ctr.*, No. 22-ICA-258, 2023 WL 7203387 (W. Va. Ct. App. Nov. 1, 2023) (memorandum decision). The petitioner argues that she was discriminated against with respect to compensation because of her age and/or gender and that summary judgment was inappropriately granted before discovery was complete. Upon our review, finding no substantial question of law and no prejudicial error, we determine that oral argument is unnecessary and that a memorandum decision affirming the ICA's memorandum decision is appropriate. *See* W. Va. R. App. P. 21(c).

The petitioner is the deputy director of the Office of Emergency Management/Hardy County 911 Center (Center). As deputy director, the petitioner is an administratively exempt, salaried county employee. She assists and reports to her supervisor, the director of the Center, Paul Lewis. The petitioner performs administrative duties and is occasionally called in to work as a dispatcher. She generally works a regular schedule of Monday through Friday from 9:00 a.m. to 4:00 p.m., with an hour off for lunch. Dispatch operators, including the dispatch supervisor, are hourly, non-exempt employees who work twelve-hour shifts and forty-hour weeks. They cannot leave the Center for lunch. In his role as director, Mr. Lewis periodically proposed recommended raises for Center employees to the Hardy County Commission. Although the petitioner received regular raises over the years, she believed those raises were, unfairly, less than the raises received by younger employees and male employees. Accordingly, on January 6, 2021, the petitioner filed a complaint asserting two claims: age discrimination and gender discrimination under the West

---

[1] The petitioner is represented by counsel Harley O. Staggers Jr. The respondent is represented by counsel Jeffrey S. Zurbuch.

Virginia Human Rights Act, West Virginia Code §§ 5-11-1 to -20 (WVHRA).[2] The parties engaged in discovery, including written discovery, the petitioner's deposition, and a deposition of Mr. Lewis as the designated representative of the Center.[3] In written discovery, information and documents related to salary and wage information for the dispatchers and the petitioner were provided. *See Gilhuys*, 2023 WL 7203387, at *1-2 (discussing relevant compensation information). At the June 17, 2021, deposition, Mr. Lewis, as the Center representative, was instructed by the respondent's counsel not to answer certain questions related to, among other things, his personal religious beliefs, as being outside the scope of the topics identified in the deposition notice. As a result, the petitioner filed a motion to reconvene the Center representative deposition (petitioner's motion). In her August 17, 2021, deposition, the petitioner acknowledged that she retained the same position and the same hours throughout her employment. She also acknowledged that she received raises during her employment. She could not identify examples of age or gender discrimination; however, the petitioner contended that Mr. Lewis told her that the Bible states men are superior to women, and she alleged that Mr. Lewis was generally hostile toward her.

The respondent filed a motion for summary judgment on April 25, 2022.[4] The petitioner responded, asserting, among other things, that additional discovery was needed because her motion to reconvene the Center representative deposition motion was pending. Further, she argued that additional discovery may lead to new claims against the respondent based on information gleaned from her August 17, 2021, deposition. In an order entered on October 28, 2022, the circuit court denied the petitioner's motion to reconvene the Center representative deposition, along with making other discovery-related rulings (discovery order). In the discovery order, the court noted: the petitioner's deposition, upon which she based her assertion of potential new claims, occurred approximately one month before the agreed pleading amendment deadline of September 17, 2021; the petitioner's failure to move to amend her complaint at any time; and her failure to depose Mr. Lewis, in his role as a fact witness, or other persons identified as fact witnesses during the

[2] The Legislature repealed West Virginia Code §§ 5-11-1 to -20 and reenacted the WVHRA at West Virginia Code §§ 16B-17-1 to -20 (2024). We apply the version of the WVHRA that was in effect at the time of the conduct giving rise to the petitioner's claims.

[3] Below this is referred to as a Rule 30(b)(7) deposition. Under the recently revised West Virginia Rule of Civil Procedure, Rule 30(b)(6) provides for depositions of representatives for public or private corporations, partnerships, associations, and governmental entities to be designated to testify on behalf of the entity "as to matters known or reasonably available to the organization." Because, as explained below, we do not reach any substantive issues related to this deposition, it is unnecessary to consider at this time whether there are sufficient changes to the operative language of this subsection of the Rule to warrant utilization of the prior version. *See State ex rel. Sutphin v. Poling*, --- W. Va. ---, 914 S.E.2d 238, 245 (2025) (discussing application of revised West Virginia Rules of Civil Procedure); W. Va. R. Civ. P. 86 (revised rules govern all pending proceedings "insofar as just and practicable").

[4] The ICA indicates that the respondent's motion for summary judgment was filed on April 14, 2022, but this date discrepancy is not relevant to its analysis.

designated discovery period. Subsequently, the circuit court granted the respondent's summary judgment motion in a separate October 28, 2022, order. After reviewing the parties' depositions and conducting a detailed comparison of the raises given to the petitioner and dispatchers beginning in 2011, the fiscal year in which the petitioner turned forty years old,[5] the court concluded that the petitioner failed to establish a prima facie case of employment discrimination. The court reasoned that the petitioner did not "offer any real evidence" to prove that her position was similarly situated to the younger or male dispatchers for purposes of a disparate treatment discrimination claim. The court additionally found that the petitioner failed to establish that the raises she received indicated a significant discrepancy with the younger or male dispatchers so as to constitute an adverse employment action based on age and/or gender. The court then found that the petitioner also failed to offer evidence that, but for her protected statuses, she would have received different raises. Finally, the court found that the petitioner failed to rebut the respondent's stated, non-discriminatory reason for the raises given to other employees.

The petitioner appealed to the ICA, and the ICA issued a memorandum decision affirming the circuit court's order, concluding that the petitioner failed to make a prima facia case of discrimination on the basis of either age or gender. *See Gilhuys*, 2023 WL 7203387, at *3. Regarding the petitioner's motion to reconvene the Center representative deposition, the ICA stated that the circuit court's ruling on that motion was not properly before it and declined to address that argument. The petitioner now appeals the ICA's memorandum decision.

On appeal of a decision from the ICA, we apply a de novo standard of review to the circuit court's entry of summary judgment. Syl. Pt. 1, *Moorhead v. W. Va. Army Nat'l Guard*, No. 23-476, 2025 WL 1275889, --- W. Va. ---, --- S.E.2d --- (W. Va. May 2, 2025). Summary judgment is appropriate when "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." W. Va. R. Civ. P. 56(a), in part. *See also* Syl. Pt. 4, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994) ("Summary judgment is appropriate where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, such as where the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove.").

Here, the petitioner essentially raises the same four assignments of error before this Court that she pursued in her ICA appeal.[6] First, the petitioner argues that the ICA erred by ignoring West Virginia Code § 5-11-9(1) (2016), which makes it unlawful to discriminate against an employee with respect to compensation. Next, the petitioner asserts that she demonstrated differential treatment by the respondent because of her age and/or gender and thus established a mixed motive discrimination case. For her third assignment of error, the petitioner contends that

---

[5] WVHRA defines "age" for purposes of the statute as forty or above. W. Va. Code § 5-11-3(k) (1998).

[6] Although the petitioner references the ICA's memorandum decision in her first assignment of error, our review focuses on the circuit court's order. *See Moorhead*, 2025 WL 1275889, at *1, Syl. 1.

the circuit court failed to understand the purpose of the WVHRA. Finally, the petitioner argues that summary judgment was inappropriately granted before discovery was complete.

We consider the petitioner's first three assignments of error together. In the context of WVHRA employment discrimination claims, we have held that a prima facie case requires proof "(1) That the plaintiff is a member of a protected class[;] (2) That the employer made an adverse decision concerning the plaintiff[; and,] (3) But for the plaintiff's protected status, the adverse decision would not have been made." Syl. Pt. 3, in part, *Conaway v. E. Associated Coal Corp.*, 178 W. Va. 164, 358 S.E.2d 423 (1986). The "but for" test in this analysis "is merely a threshold inquiry, requiring only that a plaintiff show an inference of discrimination." Syl. Pt. 2, in part, *Barefoot v. Sundale Nursing Home*, 193 W. Va. 475, 457 S.E.2d 152 (1995). This Court has further adopted and utilized the burden-shifting framework set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), for claims arising under the WVHRA. *See Knotts v. Grafton City Hosp.*, 237 W. Va. 169, 175, 786 S.E.2d 188, 194 (2016) (explaining the *McDonnell Douglas* framework and this Court's precedent adopting that framework). Under that framework, in an action under the WVHRA, the plaintiff has the burden to establish a prima facie case of discrimination; then the respondent may articulate a legitimate nondiscriminatory reason for the adverse employment action. Syl. Pt. 3, in part, *Shepherdstown Volunteer Fire Dep't v. State ex rel. State of W. Va. Hum. Rts. Comm'n*, 172 W. Va. 627, 309 S.E.2d 342 (1983). If the respondent demonstrates a legitimate and nondiscriminatory reason for the adverse action, then the plaintiff may offer rebuttal evidence to show that the reasons offered were merely a pretext. *Id*.

With this framework in mind, we must first determine whether the petitioner made a sufficient showing on the essential elements of the case that she has the burden to prove. We have suggested a "cautious approach to summary judgment motions where issues of motive and intent must be resolved," and have found that a plaintiff need only make a "de minimis" showing as to the elements of a prima facie case to defeat summary judgment. *See Hanlon v. Chambers*, 195 W. Va. 99, 105-06, 464 S.E.2d 741, 747-48 (1995) (discussing the role of summary judgment in claims of discrimination). In this case, the petitioner pled a case of disparate treatment discrimination based only on her claim that she was treated differently than other employees in terms of raises because of her age and gender. Even under the de minimis requirement discussed in *Hanlon*, based on our review of the circuit court's order and the briefs and record on appeal, we agree with the lower courts' well-reasoned conclusion that the petitioner failed to establish a prima facie claim of age or gender discrimination in this case. *See Gilhuys*, 2023 WL 7203387, at *2-3 (concluding that the petitioner failed to provide evidence of similarly situated comparators and failed to demonstrate that she was subjected to an adverse employment decision by her employer).

The petitioner's fourth assignment of error asks simply "[w]hether granting summary judgment [to the respondent] before discovery is complete[] is appropriate?" As noted above, West Virginia Rule of Civil Procedure 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." This is such a case. Although we have urged caution in granting summary judgment before the completion of discovery, doing so does not constitute error in every circumstance. *See e.g.*, Syl. Pt. 1, in part, *Powderidge Unit Owners Ass'n v. Highland Prop., Ltd.*, 196 W. Va. 692, 474 S.E.2d 872 (1996) (discussing minimum requirements for a party seeking additional discovery as part of a response to summary judgment, including that "the material facts

will, if obtained, suffice to engender an issue both genuine and material"); *Drake v. Snider*, 216 W. Va. 574, 577, 608 S.E.2d 191, 194 (2004) (discussing that generally "'[a] trial court's decision not to allow further discovery under Rule 56(f) is reviewed on appeal for an abuse of discretion.'" (quoting Franklin D. Cleckley, et al., *Litigation Handbook on West Virginia Rules of Civil Procedure*, § 56(f), at 104 (Supp.2004))). *Lockard v. Liberty Mut. Ins. Co.*, No. 12-1507, 2013 WL 5676791 (W. Va. Oct. 18, 2013) (memorandum decision) (concluding additional discovery was unnecessary after a motion to compel was granted because the petitioners could not prove their claim since "no additional discovery would engender an issue both genuine and material" with respect to the elements of the claim). Before this Court, the petitioner failed to put forth any factual or legal argument related to proposed additional discovery that would impact the two dispositive factors in this case: the lack of valid comparators and the lack of an actionable adverse action related to the petitioner's raises.[7] Therefore, under the facts of this case, we conclude that the circuit court did not abuse its discretion or err by granting summary judgment.

For the foregoing reasons, we affirm the memorandum decision of the ICA that affirmed the circuit court's entry of summary judgment in favor of the respondent as modified by this decision.

Affirmed.

**ISSUED:** June 27, 2025

**CONCURRED IN BY:**

Chief Justice William R. Wooton
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice C. Haley Bunn

**DISSENTING:**

Justice Charles S. Trump IV

Trump, Justice, dissenting:

In this case, the majority upholds the Intermediate Court of Appeals' decision to affirm the circuit court's granting of summary judgment to the defendant. Because I believe that granting summary judgment in this case was inappropriate, I respectfully dissent.

---

[7] We note that the petitioner did not include the discovery order in her notice of appeal to this Court or the ICA and we therefore agree with the ICA that it would not be appropriate to review that order. Accordingly, our consideration of the petitioner's fourth assignment of error is necessarily limited to the circuit court's order granting summary judgment.

"Summary judgment is granted appropriately in limited circumstances: 'A motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law.' Syl. pt. 3, *Aetna Casualty & Sur. Co. v. Federal Ins. Co. of New York*, 148 W. Va. 160, 133 S.E.2d 770 (1963)." *Sipple v. Starr*, 205 W. Va. 717, 720, 520 S.E.2d 884, 887 (1999). "On a motion for summary judgment, neither a trial nor appellate court can try issues of fact; a determination can only be made as to whether there are issues to be tried. To be specific, if there is any evidence in the record from any source from which a reasonable inference can be drawn in favor of the nonmoving party, summary judgment is improper." *Hanlon v. Chambers*, 195 W. Va. 99, 105, 464 S.E.2d 741, 747 (1995).

In this case, as in most cases where a plaintiff claims that her differential treatment by her employer was motivated by an unlawful discriminatory purpose, the question of an employer's motivation and intention is generally a matter for jury resolution making summary judgment inappropriate. We have explained, "[s]ummary judgment is often imprudent in discrimination cases that present issues of motive or intent because, as we recognized in *Williams* [*v. Precision Coil, Inc.*, 194 W.Va. 52, 59, 459 S.E.2d 329, 336 (1995)], '"[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge[.]"'" *W. Va. Hum. Rts. Comm'n v. Wilson Estates, Inc.*, 202 W. Va. 152, 160, 503 S.E.2d 6, 14 (1998) (citations omitted). I think the grounds raised by the plaintiff and the evidence developed in the record raise questions of fact to be resolved by a jury, that is, the testimony from the plaintiff that her supervisor had spoken to the plaintiff about Biblical superiority of men to women is enough, in my judgment, to make resolution of this case a matter for a jury.

Furthermore, we have said that granting summary judgment while discovery issues remain outstanding is precipitous. *See, e.g., Bd. of Educ. of Ohio Cnty. v. Van Buren & Firestone, Architects, Inc.*, 165 W. Va. 140, 144, 267 S.E.2d 440, 443 (1980) ("[A] decision for summary judgment before discovery has been completed must be viewed as precipitous."). I believe that the circuit court acted precipitously in granting summary judgment given the procedural posture of this case.

For the foregoing reasons, I would reverse the judgment of the circuit court and remand this case back to the circuit court for further proceedings.